# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH A. KAUFMAN, M.D., | ) |
| Plaintiff, | ) |
| | ) 2:06-cv-00621-ECR-LRL |
| v. | ) |
| | ) **O R D E R** |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) |
| Defendant. | ) |

This long-term disability benefits case comes before the court on defendant's Motion for Sanctions Against Kaufman for Failure to Comply with Court Order Requiring Him to Produce Documents (#47). The court has considered the motion, plaintiff's Opposition (#49), and defendant's Reply (#50).

On November 5, 2009, this court granted defendant's Motion to Compel Production of Documents Relating to Kaufman's Stock Options (#31), and ordered plaintiff to supplement his response to Document Request No. 2, which called upon plaintiff to provide "[f]or each year between 1997 and 2005 any and all agreements, contracts, correspondence, or other documentation that reflects, discusses, modifies, or sets forth any financial agreement or arrangement between Dr. Joseph Kaufman and his employers or partners." Through discovery defendant had learned that plaintiff had received post-disability annual stock options from his employer. The focus of the follow-up regarding Document Request No. 2 was to determine whether those stock options constituted post-disability monthly earnings. Hence, defendant pressed plaintiff to produce documents relating to the *terms under which*


*Kaufman received the stock options.* In defendant's view, such information was critical in determining whether the stock options constituted income and therefore should have been included as earnings in defendant's calculation of benefits. If so, it is defendant's position that plaintiff has received benefits to which he was not entitled.

This court agreed that the requested discovery was relevant, and ordered plaintiff to supplement his response to Document Request No. 2 by November 13, 2009. When plaintiff had not done so by December 15, 2009, defendant filed the instant motion for sanctions. Two weeks later plaintiff produced "a complete accounting of his stock options, generated by his employer, for the complete time frame requested by Defendants." Opposition (#49) at 2. With this production, plaintiff insists that he has fully complied with the court's order.

In its Reply (#50), defendant characterizes plaintiff's production as "woefully inadequate." Defendant complains that not one of the documents produced by plaintiff relates to the terms under which he received the stock options; they relate only to the *amount* of stock options he received, which is information defendant already has. Defendant argues that it cannot determine whether the stock options constitute post-disability earnings without knowing the *terms under which* plaintiff received the stock options. Because in defendant's view plaintiff has, in effect, significantly delayed its efforts to acquire such evidence, defendant seeks an order either striking the complaint, striking plaintiff's reply to defendant's counterclaim, or entering default judgment against plaintiff. In the alternative, defendant suggests that either plaintiff "should be precluded from contesting that his stock options constitute income, or [defendant] should be able to do additional discovery necessary to determine the terms of [plaintiff's] agreement with his employer." Reply (#50) at 3, n.1. In addition, defendant seeks an award of the attorney's fees it expended in briefing the motion to compel and this motion for sanctions.

It is apparent that plaintiff has not produced what he was ordered to produce. Defense counsel's motions and correspondence make it clear that the discovery request at issue relates not to the *amount* of stock options plaintiff received, but rather to the *terms* under which he received them. The court is not convinced, however, that the extreme, case-dispositive sanctions requested by defendant are

warranted at this time. Instead, defendant will be given an opportunity to do limited additional discovery on the nature of plaintiff's agreement with his employer concerning his post-disability stock options. Accordingly, and for good cause shown,

IT IS ORDERED that defendant's Motion for Sanctions Against Kaufman for Failure to Comply with Court Order Requiring Him to Produce Documents (#47) is granted to the following extent:

1. Discovery shall be reopened until July 16, 2010 for the defendant to conduct discovery relating to the terms under which plaintiff received post-disability stock options; and

2. Plaintiff shall, not later than August 2, 2010, pay to counsel for defendant the sum of $1,000.00 as the reasonable attorney's fees incurred in making this motion for sanctions.

DATED this 1st day of June, 2010.

*/s/ Leavitt*

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**